UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GABRIEL ECKARD,

              Plaintiff,

   v.

GREGORY SCHALLER,

              Defendant.

CASE NO. C15-5296 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 19), and Plaintiff Gabriel Eckard's ("Eckard") objections to the R&R (Dkt. 20).

On May 6, 2015, Eckard filed a 42 U.S.C. § 1983 complaint against Washington State Department of Corrections Physician Gregory Schaller ("Dr. Schaller"). Dkt. 5 ("Comp."). Eckard alleges that Dr. Schaller failed to provide him with medical treatment for fibromyalgia in violation of the Eighth Amendment. *Id.*

On June 17, 2015, Dr. Schaller moved for summary judgment, arguing that Eckard failed to fully exhaust his administrative remedies. Dkt. 10. On August 31, 2015, Judge Strombom issued the R&R recommending that the Court grant Dr. Schaller's motion and

ORDER - 1

dismiss Eckard's suit without prejudice. Dkt. 19. Judge Strombom determined that Eckard failed to raise a genuine issue of material fact with his unsupported assertion that paper restrictions kept him from either filing a Level III appeal or from seeking a waiver of the five-day time restriction to do so. *Id.* at 7. On September 14, 2015, Eckard filed objections. Dkt. 20. Dr. Schaller did not file a response.

Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's recommended disposition. Rule 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

For the first time, Eckard submits evidence regarding his assertion that paper restrictions prevented him from exhausting his administrative remedies for Grievance Log ID 14557217. *See* Dkt. 20, Ex. A. Although Judge Strombom did not have the benefit of considering this evidence when the R&R was issued, Eckard's evidence does not alter Judge Strombom's conclusion that Eckard failed to exhaust his administrative remedies.

Eckard's evidence shows that he was placed on a pen and paper restriction from April 1, 2014 to April 8, 2014. *Id.* Eckard has not provided any evidence that this pen and paper restriction continued past April 8, 2014. Superintendent Pat Glebe ("Glebe") provided a response to Eckard's Level II grievance for Grievance Log ID 14557217 on April 9, 2014. Dkt. 11, Declaration of Dale Caldwell ("Caldwell Dec.") ¶ 12; Dkt. 20,

1 | Ex. B.  Based on the evidence in the record, Eckard's pen and paper restriction had ended
2 | by the time Glebe responded to Eckard's grievance.  Eckard, however, did not appeal the
3 | Level II response within the applicable time frame.  Caldwell Dec. ¶ 12; Dkt. 20, Ex. C.
4 |     In sum, Eckard has still failed to raise a genuine issue of material fact that paper
5 | restrictions kept him from exhausting his available administrative remedies.  Therefore,
6 | the Court having considered the R&R, Eckard's objections, and the remaining record,
7 | does hereby find and order as follows:
8 |     (1)    The R&R is **ADOPTED**; and
9 |     (2)    This action is **DISMISSED without prejudice**.
10 |     Dated this 21st day of October, 2015.

                                      BENJAMIN H. SETTLE
                                      United States District Judge